*225 OPINION of the Court, by
Ch. J. Boyle
This was an action of assumpsit. The defendant pleaded— 1st, non assumpsit; 2d, non assumpsit within five years ; and 3d, that the cause of action did not accrue within five years. On the first and second pleas issues were regularly joined ; to the third the plaintiff replied that the defendant resided in the county of Jefferson when the contract declared on was made, and removed from said county before the cause of action accrued. The defendant rejoined that he never removed from the county of Jefferson, and still resides where he did when the supposed assumpsit was made ; and avers that by an act of the legislature passed 10 or 12 years after the time aforesaid, the said county was divided, and that the plaintiff always knew his place of residence. The plaintiff by a surrejoinder reasserted that the defendant, after the contract was. made and before the cause of action accrued, removed from the county of Jefferson ; denied the other averments in the defendant’s rejoinder, and tendered an issue to the country, which was joined by the defendant. On the trial of the cause the defendant demurred to the evidence, and the court below gave judgment on the demurrer against the plaintiff ; to reverse which he prosecutes this writ of error.
The errors assigned relate to the proceedings on the trial of the cause, and to the decision of the court on the demurrer to evidence. But before we examine .these, it seems that we should be satisfied that *226 the pleadings in the case are not such as to justify th ⅜ judgment for the defendant: for a writ of error, like a demurrer to any part of the pleadings, brings the whole record before the court; and if, from the whole case, the plaintiff does not shew himself entitleci to recover, he ought not to have a judgment in his favor.
A repleaoer is never award, ed in favor of him who comm'tted the firft fault in plead * íug — 'Accord. Guthrie •vs Wickiijfy ante 81
Where the plaintiff slates no cause of action in his declaration, and the judgment ⅛ against him, it has been repeatedly held that he cannot maintain a writ of error to reverse the judgment for any errors that may have occurred. So where he states a cause of action and the defendant pleads a good plea in bar, which is neither traversed nor avoided by matter sufficient in law, the judgment against the plaintiff cannot be reversed at his instance for errors which may have subsequently intervened : for in principle there can be no difference whether the plaintiff alleges no cause of action or fails, to moke sufficient answer to a plea which negatives his 'cause oí action.
In this case the third plea is a good bar to the whole action, and is so pleaded ; but the plaintiff has not denied it, nor is the matter alleged in avoidance sufficient in law for that purpose. Where the defendant hinders or obstructs the bringing of the action against him by a removal from the count}' where he resided when the cause of action accrued, he is not entitled to avail himself of the statute of limitations ; but the plaintiff in this case alleges in his replication the removal to have been before the cause of action accrued, which cannot prevent the statute from running. The replication is, therefore, no sufficient answer to the plea, and the issue joined is immaterial. ■ There being other material issues joined between the parties cannot affect the case i for as the plea in question goes to the whole action, it is in itself a bar to the plaintiff’s recovery, as much as if it had been pleaded alone. It was urged that the court below ought to have awarded a repleader, but it is cleár that this argument cannot avail the plaintiff, in as much as the first fault in the pleading was committed by him, and it is a settled rule that a repleader is never awarded in favor of him who made the first fault in pleading.
The judgment must therefore bfe affirmed with costs*