Opinion of the Court.
THE appellants declared, in covenant, against the appellee, for that “ the said defendant by his covenant, (of which profert is made,) in consideration of the *2 plaintiffs binding themselves to furnish him the said defendant, with the one fourth part of the produce that was purchased last spring, meaning before the date of said covenant, which was two boat loads of whiskey and tobacco, at first cost; the produce to be loaded in the same boats it came out of; the boats to be repaired at the joint expence of all the parties, and also the fourth of the load they were making up, meaning at the date of said covenant, did agree to pay to the plaintiffs the sum of one thousand dollars in advance, and the balance at Natchez and Orleans, to wit, in the state and circuit aforesaid, when the produce was sold, together with the fourth of every expence accruing on the three loads.”
They then proceed to aver, “ that they did furnish said defendant with the one fourth part of the two boat loads of whiskey and tobacco (produce) which was purchased in the spring last before the date of said covenant; and that said two loads cost the plaintiffs the sum of $10,000. Also, they did furnish the defendant, the one fourth part of the load of produce which they were purchasing at the date of said covenant, and that the said boat load cost $5,000, all of which had been sold, and every expence accruing to the plaintiffs upon the three boat loads of produce, amounted to the sum of $3000 ; the total expence of the three boat loads, amounted to the sum of $18,000, of which the defendant, according to his covenant, should have paid $4,500.”
They then allege, that ‘‘although they had hither, to well and truly performed, fulfilled and kept, all things contained in said covenant, on their part to be performed, fulfilled and kept, according to the tenor and effect thereof; yet the defendant had not kept his part, but had broken the same, in this, to wit, that he did not pay one thousand dollars in advance, nor did he pay the balance of the first cost of one fourth part of the produce mentioned in the covenant, on the sale thereof at Natchez or Orleans, or at any time since; nor did he pay as by him was stipulated, the one fourth part of every expence which accrued on the three boat loads aforesaid.”
To this declaration the defendant demurred, and filed, at the same time, sundry special pleas, to which the plaintiffs demurred, and the demurrers being *3 all joined, that to the declaration was first argued, and time taken by the court to advise thereon. Before the court rendered an opinion on this demurrer, those of the plaintiff to the defendants’ pleas, came on to be argued, and time was likewise taken. The court at last rendered an opinion, confined in terms to the demurrer to the declaration, and decided the declaration to be bad. The plaintiffs still insisting on their declaration, and not asking leave to amend, the court gave final judgment for the defendants, on their demurrer, from which decision the plaintiffs below have appealed.
Where there has been a part performance by the plaintiff of the condition precedent, on which the duty on the part of the defendant by the covenant, to arise, and such partial performance has been accepted by the defendant, the plaintiff's action is sustainable on the averment and proof of those facts.
1. In reviewing this decision, we have not been able to discover any substantial defect in the declaration. Oyer is craved of the covenant, and it substantially agrees with the one recited. Both as it appears in the declaration, and as the fact is, it is inartificially drawn. It wants some descriptive expression, and lacks that history of facts, which usually is inserted as inducement to the contract, and which is necessary to explain it; but such as it is, the appellants have materially pursued it according to its legal effect. The covenant contains precedent conditions, to be performed on the part of the appellants. The averments show they were so performed. It is true, that the appellants, in averring the furnishing the two first boat loads of produce, have omitted to state, that they were loaded in the same boats they came out of; and this is all the variance we discover between the averment of what was performed, and that which was to be performed. But this cannot vitiate the declaration so as totally to destroy the appellants’ cause of action ; for, supposing the meaning of the covenant to be, that the appellants were to furnish these two loads, in these boats, it would be certain, that the appellee would not have been bound to receive them, or rather, the fourth of them, unless tendered in this manner. But still it was competent for him to receive the fourth in another manner, and without the boats; and if he did so receive them, it was a part performance of the covenant; and the rule is well settled, that where there is a part performance of a precedent condition, which is accepted by the opposite party, the action can be sustained on the averment and proof of such part performance only. That he did so accept the supposed partial perform *4 ance, we are bound, by the words of this averment, to presume; for the actual furnishing, is different from a tender to furnish.
Where the defendant files a general demurrer to the plaintiff’s declaration, and at the same time files pleas in bar which are demurred to, the court ought to decide first on the demurrer to the declaration.
2. But we are not disposed to admit the meaning of these expressions in the covenant, to be a stipulation on the part of the appellants, to furnish the fourth of these two loads, placed or loaded in the boats; but it is a stipulation in an awkward form, as to what was to be done with these loads, after the fourth was furnished to the appellee. They were to be reloaded in the same boats, which, by the subsequent words, were to be repaired at joint expence, and by the subsequent parts of the agreement, they were to be shipped to the market of Natchez or Orleans. The design of the covenant appears to be, to make the appellee a partner as to one fourth, in two boat loads of produce, which the appellants then had on hand ; and afterwards, the boats out of which it came, were to be repaired, and then the produce be shipped to market aboard of these same vessels. For this and the other advancements, the appellee was to pay down one thousand dollars, and the balance at the sale of the produce, he bearing one fourth of the expences. According to this meaning, the averment is right, and supports the performance of the precedent condition, and the judgment of the court below, in deciding the declaration bad, is erroneous.
3. But it is contended, that although the decision of that court upon the validity of the declaration, is erroneous, yet, that some of the defendant’s pleas are good ; and as the plaintiffs have demurred to them, the judgment of the court is as it ought to be, and, therefore, cannot be reversed. This question arises from a peculiarity of practice adopted, of demurring to the declaration and filing pleas of fact at the same time. We say a peculiarity, as it is peculiar to this state and that of Virginia, and no other within the knowledge of this court. Whether such a practice is strictly legal and proper, we shall not, at this time, determine ; but will barely observe, that whenever it is indulged, the court ought first to dispose of the demurrer to the declaration, before touching the pleas. Nor will we, at this time, determine whether the judgment must needs stand, unless by an examination of the pleas, it shall become necessary.
Where a contract contains some covenants, which are precedent conditions, to be performed by the plaintiff, and some which are not, a plea alleging generally that the plaintiff did not perform the covenants in said writing which were to be performed by him is bad.
Where more breaches than one are assigned a plea answering only a single breach however good it may be for that breach, is not a plea to the whole action, and, therefore, bad.
Where the party bound has the same means of ascertaining the event on which his duty arises, as the person to whom he is bound has, notice is not necessary.
*5 4. The first of these pleas is, in substance, "that the plaintiffs did not perform the covenants in said writing, which were to have been performed on their part.” If this plea is an attempt to negative the performance of the precedent conditions, on part of the plaintiffs, it must be unsuccessful. It does not negative them by expressly pointing them out ; but negatives the performance by the plaintiffs, of all of the covenants contained in the writing. Stipulations are contained in the writing which are not precedent conditions, such as the reloading the boats out of which the produce was first taken, and repairing them at the joint expence of the parties. These are equally binding on each party, and for a failure, each may have his action, and cannot be pleadable in bar to the action of the appellants here. Although the plea contains a negative of the performance of the precedent conditions ; yet, as it imposes upon the appellants the burden of proving, that they performed all their covenants, before the action could be sustained, by combining the denial of the other covenants in the same plea, the plaintiff ought not to have been bound to take issue thereon, and. therefore. did right in demurring to it.
5. The second plea alleges, in substance, “ that the produce mentioned in the writing had not been sold at Natchez or Orleans.” Make the most of this plea, it could only be intended to show, that the time of payment of the balance, had not arrived, on the sale, as stipulated by the covenant. But it gives no answer to the breach assigned in the non-payment of the thousand dollars, or a part of the expences. As it is a plea in terms to the whole action, and only attempts, and that in an imperfect manner, to answer one of the breaches, it is manifestly bad, and cannot be sustained ; for the rule is well settled, that a plea answering one breach. however good it may be, for the purpose of denying or avoiding that breach, cannot be pleaded to the whole action.
6. The third plea alleges, “ that the defendant below. had paid the $1000 in advance as covenanted; and that the plaintiffs took and transported the said boat loads of produce to Natchez and New Orleans, and there sold it, and received the whole proceeds of said loads and produce, and had failed to furnish defendant with the amount of the costs and expences, *6 and amount of sales of the same.’’ This gives a sufficient answer to one breach, by alleging the payment of the $1000. It also, in a bad form, attempts to excuse the payment of the balance, by showing that the appellants had received the whole price. But whether that price was equal to the balance to be paid, is left to conjecture. As to the expences, it gives no answer, further than the appellants had not furnished him with the amount. It must have been intended, by this plea, to insist upon notice of the amount and a request to discharge it, when it is evident, that no such notice and request could be necessary by this covenant. The appellee had the means of ascertaining this, as well as the appellants; and where such means are afforded, no notice and request is necessary, as held by this court in the cases of Keys vs. Powell & Co. and Peck vs. M’Murtry, 2 Marsh. 253 and 358. This plea is, therefore, manifestly bad, and cannot be sustained. These three being the whole number of pleas to which the appellants demurred, they furnish no ground to support the judgment of the court below. It must, therefore, be reversed with costs, and directions to overrule the demurrer to the declaration, and sustain the demurrers to the pleas, and such other proceedings as may be consistent with this opinion.