Nov. Term,
1826.

RILEY
v.
HARKNESS.

*Saturday,*
*November 11.*

RILEY and Another *v.* Harkness, in Error.

A SPECIAL plea of non est factum, alleging a material alteration of the bond without the obligor's consent, may, if not sworn to, be rejected on motion; but it cannot be treated as a nullity (1).

Two pleas in bar to the whole cause of action. An issue in law on one and of fact on the other. Verdict for the plaintiff. *Held,* that final judgment could not be rendered on the verdict, until the issue in law was disposed of (2).

The plaintiff cannot demur and reply to the same plea (3).

(1) The statute requires pleas of non est factum to be sworn to. R. C. 1824, p. 292.—R. C. 1831, p. 403.

(2) Formedon. Several pleas in bar. Replication to the eighth plea, and demurrer to the replication. On the other pleas issues were joined. Judgment on the demurrer for the demandant. The demandant, afterwards, proceeded to trial on the other issues, and obtained a verdict. The entry on the record was as follows:—"And hereupon all and singular the premises whereof the said parties have put themselves upon the judgment of the Court, being seen and by the justices here fully understood, and mature deliberation thereupon had, it appears to the said justices here that the replication of the said *Francis Cholmeley*, the demandant, to the said plea of the said *Charles Cockerell* and *Henry Trail*, the said tenants, by them eighthly above pleaded, and the matters therein contained, in manner and form as the same are above pleaded and set forth, is sufficient in law for the said demandant to have and maintain his aforesaid action against them; *but because it is unknown to the justices here, whether or not the said Charles Cockerell and Henry Trail, the said tenants, will be convicted on the trial of the said issues above joined between the parties aforesaid, to be tried by the country; therefore, let the giving of the judgment in this behalf be stayed until the trial of the said last-mentioned issues.*"

(Then, after stating the venire facias, &c., and that, on the trial of the issues, the jury found the several issues joined in favour of the demandant, several continuances were entered, and lastly to the morrow of the Holy Trinity.)

"At which day come here the parties last aforesaid by their respective attorneys aforesaid, and hereupon all and singular the premises being seen, and by the said justices here fully understood, and mature deliberation being thereupon had, it is considered by the said justices that the said *Francis Cholmeley* do recover his seisin against the said *Charles Cockerell* and *Henry Trail*, of the manor and tenements aforesaid, with the appurtenances above demanded. And the said *Charles Cockerell* and *Henry Trail* in mercy, &c." *Cockerell et al.* v. *Cholmeley*, 10 Barn. & Cress. 564.

Vide, also, *Meylin* v. *Woodford*, Vol. 1. of these Rep. 286.—*Fischli* v. *Cowan*, Ibid. 350.—*Swan* v. *Rary, Nov.* term, 1833, post.

(3) Vide *Hair* v. *Weaver*, Vol. 1. of these Rep. 77.— Steph. on Pl. 296.