Mr. Justice WOODBURY
 

 delivered the opinion of the court.
 

 The original action in this case was assumpsit. • Though the declaration contained several counts, some on a- special promise ánd some, for money paid and received, it was indorsed on the original summons, that the action was “brought to recover the sum of $ 4,000 and interest at 10 per cent., paid for defendant, from 27th of January, 1840, to Mississippi Union Bank,” &c., &c.
 

 . There was a demurrer and other pleadings as to this declaration, which it is not necessary to repeat, as leave was given to amend throughout; and on the 6th of December, 1842, a new declaration was filed, consisting of three special counts and the. usual money counts, all of which must of course be for the original cause of action.
 

 On the 9th of December, 1842, the defendant pleaded the
 
 *715
 
 general issue of
 
 non assumpsit
 
 to the whole declaration ; and, for further plea to the three special counts, averred, that the suit was brought to charge him for the debt of John B. Jones, an¿ for no other purpose, and that, there being no evidence of his promise in writing, the suit was barred by the statute of frauds and perjuries. To this the plaintiff replied, that the suit was not so brought, but on original promises made by the defendant. The. latter fiíed a general demurrer, to this replication.
 

 On the 12th of December the general issue , joined as to the whole declaration appears to have been tried, and a verdict returned for $ 3,451.88, for which sum, at the same term, judgment was rendered and execution issued.
 

 Nothing further took place till June 5th, 1845, when. this writ of error'was brought to reverse the judgment, assigning as the ground for it, that the demurrer to the replication should first have been disposed of, and that the statute of frauds pleaded in the preceding plea was a full defence to the matters, alleged by the original plaintiff.
 

 ■ This case presents some questions of practice and of pleading which possess no little difficulty. They must be settled chiefly by the reasons which may be applicable to them; and when precedents in this court are not found for a guide in aid of those reasons, they may be strengthened by analogies established in the State courts or in England, where the- systems of pleading and practice are -somewhat similar. It seems proper, and is conceded, that, in a cause where several pleas are filed, as -here, and some terminate in a demurrer and others in an issue to the jury, they should all, as a general rule, unless waived or withdrawn, be in some way disposed of by the court. The leading inquiry, then, is, if enough appears in all the proceedings here to render it probable that the issue, in law no less than in fact, was in some way disposed of, though this is not,
 
 eo nomine,
 
 mentioned in the record. Assuredly, it is usual in this country, as a matter of practice, when there is an issue of fact and another of law in the same action, to have the question of law heard and decided first. Green
 
 v.
 
 Dulany, 2 Munf. 518; Muldrow
 
 v.
 
 McLelland, 1 Litt. 4; Co. Litt. 72.
 
 a;
 
 Com. Dig.,
 
 Pleader, Demurrer,
 
 22. The 28th rule for the Circuit Courts accords with this, by directing that, in such cases,
 
 “
 
 the demurrer shall, unless the court shall otherwise, for good cause, direct, be first argued and determined,” because a decision on that, if one way, that is, if in favor of the demurrer, will frequently dispose of the whole cause, and supersede the expense and necessity of a jury trial of the other issue, as well as give an opportunity to move for an amendment. 5 Bac. Abr.,
 
 Pleas and Pleading,
 
 No. 1; Tidd’s Pract. 476; Dubery
 
 v.
 
 Paige, 2 D. & E. 394. Yet this, course
 
 *716
 
 being a matter of sound discretion in the court rather than of fixed or inflexible right, it cannot always be absolutely presumed to have been pursued. See 28th Rule,
 
 ante,
 
 and cases before cited; 2 D. & E. 394 ; 1 Saunders, 80, note 1. But as it is usual, and the defendant, in this case did not file any exception, as if. there had been a refusal by the court to decide first on the demurrer, the presumption does not seem so strong that there had been a refusal or neglect to do it, as that the demurrer had been waived by the defendant, or, if not waived, had been decided, and the particular minute of this on the record omitted by a-mistake of the clerk. Several other circumstances exist, which, in connection with these, contribute to strengthen this, last presumption, and to justify us on legal grounds in inferring that one of the above events, either a waiver or decision of the demurrer, actually took place here. First, as to those in-favor of the position that the demurrer was waived. Only one cause of' action existed here, though set out in several counts. This is stated , not only, as before mentioned, in the summons by the original plaintiff, but by the defendant in his special plea, and in the argument of his counsel'. The general . issue, which was joined and tried, went to the whole declaration ; and under that, at the trial, any parol evidence offered in its support could have been objected to as within the statute of frauds, which seems to have been the whole defence, as well as under the special plea setting up this statute against the special counts. This is clear from the books of practice. 1 Chit. Pl.. 515; 2 Leigh’s N. P. 1066; 1 Tidd’s Pract. 646. Though, to be sure, it could be pleaded specially, also, and this may now be necessary under the new rules of court in England. 1 Bingh. N. C. 781; 2 Crompt., Mees., &. Rose. 627. Hence, from abundant caution lest this objection might not be admissiblé under the general issue, the special plea here was probably at first' filed. But before the trial came on, which was three days after, it is likely that the defendant had become convinced that it was admissible, under- the general issue, and therefore went to trial without having the demurrer first argued and decided, or even joined, but waived it. If, on the contrary, he concluded to try the issue to the jury first, and then, if not allowed, there to make his objection as to the statute, to argue the demurrer afterwards, the inference would be equally strong, that he was allowed to urge the objection at the trial, and had a de-cisión on it there, and therefore waived his special plea and demurrer, and a separate and unnecessary .decision on them, afterwards. Such was the presumption in the case of Bond v. Hills, 3 Stewart (Alabama), 283, more fully explained- hereafter. It was held likewise in Morrison
 
 v.
 
 Morrison, 3 Stewart,
 
 *717
 
 444^ that if a demurrer and an issue of fact were to the sanie matter, and the latter was tried first, it mast be presumed that the other had been waived.
 

 ■ In Dufan
 
 v.
 
 Couprey’s Heirs, 6 Peters, 170, a writ of error was brought, for the same general cause as here, that one of the pleas intended for the court did .not appear by the record to. have been decided. But the court sustained the judgment below; the other plea, on examination, as will soon be shown to be the case here, being found immaterial after the finding of the jury. • Where one material -issue is decided going to the whole declaration, it is of no consequence how an immaterial issue going only to a part of it is found, if no injury be done by it to either party. 6 Missouri, 544. And by parity of reasoning, it would be of no consequence whether it was decided at all or not, if enough else is decided to dispose properly of the whole case.
 

 What fortifies these views is the fact, that the defendant never procured a joinder to his demurrer by the plaintiff. As he interposed .this defence in a special plea, and filed the demurrer to the replication, it would be material for him, if wanting a decision on them, to get the pleadings finished.. He should have moved for a joinder, or got .a rule for one, (1 Chit. PI. 628,) and should likewise. have' moved for a decision on them, if desired,.before a final judgment was rendered on the verdict. It is true that some books appear to consider it the duty of the plaintiff to join in a demurrer soon after it has. been tendered by the defendant. But this, it.is believed, generally depends on a positive rule of court, which may exist, to require it. 33d' Rule of Practice for Courts of Equity, 1 How.
 
 43;
 
 Williams’s case, Skinner, 217. And without such rule, as in this case, h may need and take time to decide on making á motion . to amend, before joining; and the harshest penalty proper for delay in the joinder would seem to be, that the demurrer may be considered, when requested by the party making it, though no formal joinder has taken place. 3 Levinz,
 
 222;
 
 Skinner, 217. . The omission of the defendant, then, to obtain a joinder, to which he was by law entitled, (1 Chit.
 
 647;
 
 Barnes, 163,) the omission to add one himself, which is sometimes permissible, (5 Taunt; 164, and l Pike (Ark.), 180,) and the omission to request a decision without any joinder, as he may after much delay, (Skinner, 217,) all appear on the record, and look not only like a waiver of a decision on the demurrer by the defendant, but a neglect of his own duties on the subject. A waiver of a demurrer often takes place, and is, by law, permissible. 1 Tidd’s Pr. 710 1 East, 135 2 Bibb, 12; 1 Burrow, 321; 2 Strange, 1181.
 
 Quilibet renuntiare potest jure
 
 
 *718
 

 pro se introducto.
 
 The want of a decision would, in this as pect of the subject, seem to be by his own consent; and
 
 consensus tollit errorem.
 
 The course of the defendant appears to have been, practically and substantially, if not formally, an' abandonment of a wish for any.separate decision on the demurrer. See cases of this kind. Wright et al.
 
 v.
 
 Hollingsworth, 1 Peters, 165; Bac. Abr., Error, K. 5; Vaiden
 
 v.
 
 Bell, 3 Randolph, 448; Patrick
 
 v.
 
 Conrad, 3 Marsh. 613; 2 Marsh. 227; Casky
 
 v.
 
 January, Hardin, 539. As a plea of the general issue, while a demurrer is pending undisposed of, is considered a waiver of it. Cobb
 
 v.
 
 Ingalls, Breese, 180.
 

 In another view of the subject, looking to the defendant’s own neglect as the cause, a party cannot be allowed to take advantage of his own wrong or inattention. Thus it has. been decided, that a writ of error will not lie for one’s own neglect or irregularity. 1 McCord, 205; 1 Pike (Ark.), 90; Kincaid
 
 v.
 
 Higgins, 1 Bibb, 396; 2 Blackf. 71; 3 McCord, 302, 477; Kyle
 
 v.
 
 Hayle, 6 Missouri, 544. It strengthens these conclusions, that the original defendant seems to have long acquiesced in what he now excepts to, — that he does not appear to have asked for a décision on the demurrer, to have made any complaint at the time of the demurrer not being decided, to have filed any motion about it, offered any bill of exceptions, or even brought any writ of error, till after the lapse of nearly three years. So much as to the waiver of the demurrer. But if the demurrer was not, in truth, waived or withdrawn by the defendant, or cannot be now so considered, from all which appears on the record, the presumption from all is evident, that the demurrer and' special plea were actually decided on by the court, and the omission to enter it on the record may be cured by the statute of jeofails. ' Such a decision would have been its ordinary and proper course of proceeding.
 

 This court has held, in a state of, things much like this, as will soon be more fully explained, that it was bound to presume that “justice was administered in the ordinary form.”" 4 How. 167. And hence, in 3 Stewart, (Alabama,) 447, 448, where a decree was averred in the record, but not its form, it was presumed to have been in the ordinary form. The court could not properly have decided and given judgment for the plaintiff in this case, as it did, and, as must be presumed, properly, in the first instance, if the demurrer had- not been waived or settled in favor of the plaintiff. Nor was the defendant likely to have acquiesced in the judgment without putting an exception on the record, unless one of these circumstances had occurred. This question has arisen in several of the States, and been decided in conformity with these vie ws. In the case of Cochran’s
 
 *719
 
 Executors
 
 v.
 
 Davis, 5 Litt. 129, the court very properly adopt a like principle, saying, —
 
 “
 
 To this plea ther^ was a demurrer, and although there is no order of record expressly disposing of the demurrer, yet, as the court gave judgment for the plaintiff on the whole record, it must be taken that the demurrer was sustained and the plea overruled.” So in substance it was held in McCollom
 
 v.
 
 Hogan, 1 Alabama, 515; and in Bond
 
 v.
 
 Hills, 3 Stewart, 283, where, as in this case, there was a plea, amounting to the general issue, or containing what was admissible under it, and it did not appear distinctly to have been.disposed of, but the general issue was tried, it was held to be presumed that the defendant had the full benefit, of the objection on the trial, and error will not lie. It is true that where one issue in a cause is .found one way and another on a matter entirely distinct is not disposed of, it may not be proper always to consider it as decided. Pratt
 
 v.
 
 Payne, 5 Missouri, 51. But here the questions involved in both issues were the same ; both related to the same cause of action, and both to the same defence. The cases on this subject are so much moré numerous in the States than in England or in this court, that we oftener find it necessary to resort to them for analogies in-support, of our reasoning as to what should, under all the facts, be presumed. But in this court, at this very term, we have a strong illustration of the correctness or truth of such a presumption, in the case of Harris
 
 v.
 
 Wall; where, on similar findings by a jury on some pleas and a demurrer to others, and a judgment for the defendant without any. entry made specifically that the demurrer was disposéd of, it happens, in point of fact, that it was, decided, and the judge on that circuit, now present, has with him his written opinion, which he delivered when deciding it. So in Stockton et al.
 
 v.
 
 Bishop, 4 Howard, 167, in a writ of error, where a verdict appeared and a judgment, but not for. any particular sum, with several other important omissions, this court, by Catron, Justice, remarked, —“ Still we are bound to presume, in favor of proceedings in a court having jurisdiction of the parties and subject-matter, that justice was administered in the ordinary form when so much appears as is found in this imperfect record.”
 

 Again, on a writ of error, many things will always be presumed or intended, in law as well as fact, to have happened, which are not
 
 ipsissimis verbis
 
 or substantively so set out on the record, but are plainly to bo inferred to have happened from what is set out. Cro. Eliz. 467; 4 Howard, 166. Thus, in this case, numerous circumstances stated-on the-record, and already referred to, indicate that the demurrer and special plea, if not withdrawn or waived, were actually disposed of. Among
 
 *720
 
 them, raising a strong presumption that way, is the fact, that three days elapsed after the pleas and demurrer were "filed, before the trial of the other issue; that within this period the court had time to hear the question of law argued; that it is the usual practice to hear such a question before going to a trial of the facts; and hence, unless the demurrer was waived, that the court, before the trial, did probably hear and decide the demurrer against the defendant. Again, the court would have been still less likely to have proceeded to final judgment without first disposing of the question of law, unless waived- or settled either before, at, or after the trial. Such, too, being the duty of the court, they are to be presumed, till the contrary appears, to have done their duty. Wilkes v. Dinsman, ante, 89. Nor js such a presumption here, as some, have suggested, against the record; because the record says nothing on the subject. But it is consistent with every thing that is there said, and with what is fairly to be inferred from the whole record, carrying with-us the probable idea, in that event, of some omission or misprision by the clerk in noting all which happened.
 

 The omission of the clerk to enter on-the record the judgment upon the demurrer, or to state its waiver,- if it was abandoned, would be merely a clerical mistake.; and it is well settled at common law, that a misprision by a clerk, if the .case be clearly that alone, though it consist of the omission of an important word or expression, is not a good ground to reverse a judgment, where substance enough appears to show that all which was proper and required was properly done. Willoughby v. Gray, Cro. Eliz. 467; Weston’s case, 11 Mass. 417. The statutes of jeofails usually go still further in remedying defects after verdicts and judgments. Considering this, under those statutes, as a case of defect or want of form in the entry by the clerk, and not of error in the real doings of the court, the statute of jeofails of- the United States, curing all defects or want of form in judgments, is explicit against our reversing this for such a cause. Sec. 32 of Judiciary Act of 1789, 1 Stat. at Large, 91. If the State laws are to govern, the words of the statute of jeofails are equally explicit and more minute in Mississippi, in curing such defects, resembling more the English statutes. Hutchinson’s Code for Mississippi, 841. It is not a little singular, that the unwillingness in England tó have judgments disturbed by writs of error for defects in them or in the prior pleadings, where a verdict of a jury has been rendered for a jfiaintiff, .is such, that something like five or six acts of Parliament were passed before our ancestors emigrated hither, and several more since, to prevent writs of error from being maintained for defects in form, as well as to empower amend-
 
 *721
 
 raents in such cases. See those in 1 Bac. Abr.,
 
 Amendment and Jeofails;
 
 O’Driscoll
 
 v.
 
 Mc Burney, 2 Nott & McCord, 58. Some of the defects cured seem to be very near as strong as the present case. 11 Coke, 6. b; Act of 32 Hen. VIII. c. 30. The difficulty is in deciding “what is substance and .what is form,” and that is governed by no fixed test, but it is laid down that it “ must be determined in every action according to its nature.” 1 Bac. Abr.,
 
 Amendment and
 
 Jeofails, E. 1; 1 Saund. 81, note 1.
 

 At common law, defects in collateral pleadings, or other matters not preceding the verdict, and not to be pfoved in order to get a verdict, were not cured by it. Yet those were cured which related
 
 to
 
 matters necessary to be shown to get a verdict, and hence, after it, are presumed to have been shown. Renner
 
 v.
 
 Bank of Columbia, 9 Wheat. 581; Com. Dig.,
 
 Pleader, Count,
 
 c. 87; Carson
 
 v.
 
 Hood, 4 Dall. 108 ; 1 Sumn. 314 ; 1 Gall. 261 ; 1 Wils. 222; Burr. 17, 25; Cotterel
 
 v.
 
 Cummins et al., 6 Serg. & Rawle, 348; 1 Sumner, 319; 16 Conn. 586; 11 Wendell, 375; 7 Greenleaf, 63. But these defects in collateral masters, as here, when they relate to form, are as fully cured by the statutes of jeofails as those connected with the verdict are by intendment at common law. Stennel
 
 v.
 
 Hogg, 1 Saunders, 228, note 1; Dale
 
 v.
 
 Dean, 16 Conn. 579. Any omission like this would certainly be amendable below, and some cases have gone so far as to hold, in error, that any defect amendable below will be considered as actually amended. Cummings
 
 v.
 
 Lebo, 2 Rawle, 23.
 

 In conclusion on this point, this court, by Catron, Justice, in the writ of error before named, of Stockton et al.
 
 v.
 
 Bishop (4 How. 164), stated, that “it must be admitted that Congress acted wisely in declaring that no litigant party shall lose his right in law for want of form; and in going one step further, as Congress unquestionably has done, by. declaring that, to save .the parties’ rights, the substance should be infringed on to some extent, when contrasted with modes of proceeding in the English courts, and with their ideas of what is substance.”
 

 After this, it would seem hypercritical, and contrary to the whole spirit of the statutes of jeofails both of the United States •and of Mississippi, to allow an exception so contrary to legal presumption ás this to be sustained. Nor does it promote the. ends of justice to let parties lie by and not take exceptions, and' afterwards reverse judgments for omissions, which, if noticed at the time, would have been corrected. McCready
 
 v.
 
 James, 6 Wharton, 547. And this court, where the issues were three,{ and the-verdict and judgment not separate on each, but general' on all, and the objection was taken on the writ of error, in
 
 *722
 
 Roach
 
 v.
 
 Hulings, 16 Peters, 321, said, by Daniel; Justice, — “Objections of this character; .that are neither taken at the usual stage of the proceedings nor prominently presented on the face of the record, but which may be sprung upon a party after an
 
 apparent waiver
 
 of them by an adversary, and still more
 
 after a trial
 
 upon the merits, can have no claim to' the favor of the court, but should be entertained- only in obedience to the strictest requirements of law ”; and they were in that cáse accordingly overruled or considered as cured.
 

 Another ground for affirming the judgment, which the plaintiff in er.ror cannot easily overcome, is, that if the three counts to which the special plea is filed cannot be sustained, the defendant in error has obtained a verdict on all the counts; thus showing, at least, that there was no valid defence to the others. And if those three were conceded to be bad, the others are good, and, notwithstanding a verdict and judgment on all, the' latter must not in such case be reversed on error. By an express statute in Mississippi, passed June 28th, .1842, one good count, though others are bad, will sustain a judgment. Hutch. Code for Miss., ch. 5, art. 1. This is not a peculiarity confined to Mississippi, but a like rule prevails in several other States. 2 Bibb, 62; 2 Litt. 100; 2 Bay, 204; 2 Hill, 648; 1 Blackf. 12; 1 Stewart, 384; 2 Connect. 324. And though in some it is otherwise (1 Caines, 347; 11 Johns. 98; 9 Mass. 198), and is otherwise in England (Grant
 
 v.
 
 Astle, Doug. 703), yet it has been regretted by some of her eminent jurists as
 
 “
 
 inconvenient and ill-judged.”
 

 If this provision, then,’in Mississippi, should be regarded as a rule of practice,'it existed there when the last process act, of May, 1828, passed, and hence, by acts of Congress and. the rules of our Circuit Courts, binds them; but if it be a right conferred by her statute, it equally must govern us, by the Judiciary law of 1789, in all cases tried like this in that State. 16 Peters, 89j 303.
 

 But, beside these reasonings and views, to some- of which a portion of the court except, there exists another ground for affirming the judgment below, which appears to us fully established both on principle and adjudged cases. . The first fault in the pleadings connected with the demurrer seems to have been committed by the defendant himself, and no reason appears on the whole record why the original judgment should not have been rendered against him on that ground. His only defence set up .was the statute of frauds and. perjuries. This statute was pleaded .specially; but, on thé facts and the law, it does not seem to have been applicable - to the case. The case was a transaction of money paid by the plaintiff on account of the defend
 
 *723
 
 ant, and must have been .considered by the court and jury as done under an original undertaking to repay it in a particular way, which the defendant had not fulfilled, and which was not within the provisions of the statute. The defendant was misled, by the mode of payment being special and to a third person, into an impression that the original promise was to a third person. The suit is not brought by the third person, to whom the original plaintiff owed a debt, nor was the promise made to a third person; but it is brought by the person who advanced money on account of the defendant, on a consideration moving from him alone, and on the promise made to him alone for its payment in a particular manner. See, on this, Read
 
 v.
 
 Nash, 1 Wilson, 305; 2 Leigh’s N. P. 1031; King
 
 v.
 
 Despard, 5 Wendell, 277; Towne
 
 v.
 
 Grover, 9 Pick. 306; Hodgson
 
 v.
 
 Anderson, 3 Barn. & Cres. 842.
 

 This was virtually, therefore, an undertaking by the defendant to pay his own debt, but simply specifying a particular manner of doing it; and unless it was found at the trial that the statute of frauds did not apply, it is to be presuined that a recovery would not have been had before the. jury, where it was competent to make this an objection.
 

 The matter of the plea, then, having been clearly bad, it appears to be well settled, that, when a demurrer is filed to a replication, if the plea is bad, judgment.ought to be given for the plaintiff. Anon., 2 Wilson, 150;
 
 Semble,
 
 Moor, 692; Com. Dig.,
 
 Pleader, Proceedings in Error,
 
 3 B. 16; 1 Levinz, 181. The whole record connected with the demurrer is open on the writ of error, and judgment goes against the earliést fault. Breese, 207; Morgan
 
 v.
 
 Morgan, 4 Gill & Johns. 395.
 

 In regard to- the suggestion, that the demurrer might have applied to some other objection than the statute of frauds, either in the plea, or, going back to the declaration, some defect there (as the first defect bad on general demurrer is the fatal one, 1 Chit. PI. 647), it is enough to say that no other appears, then or now, to have been pointed out, and none is intimated in the argument for the plaintiff in error.
 

 If is very doubtful, also, if, in this particular case, a defect in the declaration would be considered at all on this demurrer, as the general issue is pleaded to ajl of the declaration- covering these three special counts. And an issue in fact and a demurrer cannot both be allowed to reach the same count.. Bac. Abr.,
 
 Pleas and Pleading,
 
 n. 1; 2 Blackf. 34; 5 Wendell, 104. If there be an exception to this rule, it must be by some local law or practice not' existing here. 1 Litt. 4; 4 Munford, 104.
 

 From the whole record, therefore, it appears that the judgment below in favor of the plaintiff was probably correct, even
 
 *724
 
 if the demurrer had not been waived, and in this went it is clear that the judgment should not, on this writ of error, be reversed. Hobart, 56; Com. Dig.,
 
 Pleader, Demurrer,
 
 Q. 2; Saunders
 
 v.
 
 Johnson, 1 Bibb, 322; 6 Monroe, 295, 606; Phelps
 
 v.
 
 Taylor, 4 Monroe, 170;
 
 Semble,
 
 3 Bibb, 225; McWaters
 
 v.
 
 Draper, 5 Monroe, 496; Hardin, 164. In Foster
 
 v.
 
 Jackson, Hobart, 56, the opinion says, “ It is the office of the court to judge the law upon the whole record.” The other cases cited show, that in writs of error, as well as demurrers, the same rule prevails.
 

 The propriety of our conclusions in this case becomes more manifest when we consider that a reversal of the judgment would be of no use to the original defendant; because, if reversed, the order here could not be to render judgment for the defendant, but to have a record made of the waiver or decision of the demurrer, if either occurred, and if not, then a joinder in demurrer and an opinion below on the question presented by it, and which opinion, as already shown, must probably be for the plaintiff, and then the same judgment be entered again on the verdict which exists now. McGriffin
 
 v.
 
 Helson, 5 Litt. 48; 2 Strange, 972; Jackson
 
 v.
 
 Runlet, 1 Woodb. & Min. 381.
 

 Finally, so far as any presumptions or doubts on any of these considerations should operate against either party in forming our conclusions, we are unable to see any thing in the acquiescent conduct of the original defendant before the judgment, or in the merits of his original defence, or in his writ of error, brought after such an uninterrupted silence and assent for years, which entitle him to any peculiar favor.
 

 The plaintiff in error, likewise, must always make out his case clearly and satisfactorily, as every reasonable intendment should be in favor of a judgment already rendered. Fentriss
 
 v.
 
 Smith, 10 Peters, 161; Lander
 
 v.
 
 Reynolds, 3 Litt. 16; Lou. Code of Pract. 909, note, and cases there cited; 3 Martin (N. S.), 29; 15 Louis. 480, &c. This not having been done in the present case, we think that the judgment below must be affirmed.
 

 Mr. Chief Justice TANEY.
 

 I think the judgment of the District Court may be supported, on the ground (that the decision on the demurrer had become immaterial after the verdict on the general issue. The special plea out of which the derpurrer arose applied only to three, counts. There was a fourth count, to which no defence was made except by the plea of the general issue; and according to the law and practice of Mississippi, one good count is sufficient to support the judgment when there are several counts in a dec- ■ laration, and the others'bad. And after the verdict on the
 
 *725
 
 general issue, the decision of the demurrer was immaterial, and the judgment must still have been for the plaintiff even if the demurrer was decided for defendant. The omission to dispose of an immaterial issue is.not a ground for reversing a judgment, as the decision of such issue could not influence the judgment of the District Court. But I do not concur in the other portions of the opinion, and think that many of the positions taken in it cannot be supported.
 

 Mr. Justice CATRON concurs with the Chief Justice.
 

 Mr. Justice DANIEL.
 

 Regarding the opinion just delivered as in direct opposition to the very canons of pleading at law, I feel constrained to declare my dissent from it. I cannot subscribe to, and can hardly comprehend,
 
 k
 
 doctrine of presumptions, which, in proceedings at law and on questions of pleading, infers that the parties or the court have acted in direct contravention of the facts apparent upon, and standing prominently out upon, the record, operating by such presumption a false feature of the record itself; In this case the defendant has tendered an issue in law to the replication to the third plea; the record discloses the fact, that this issue has never been tried ; it is therefore undeniable that there is a chasm jn the proceedings, and that the court has not passed upon the whole case. If presumption can be admitted to warrant the conclusion that this demurrer was withdrawn, where shall such presumption end? Would it not be equally, regular to presume that any other plea or issue on the record had been withdrawn ? Then, if any other source than the record itself can be resorted to in order to ascertain what was in truth involved in the tral, conjecture or evidence
 
 aliunde
 
 must be introduced to determine; add that which, by legal intendment, is the only evidence or proof of the proceedings, the record, becomes the weakest of all proof, or rather becomes no proof at all. I think the judgment should be reversed, and the cause remanded for a trial on all the issues of law aiid of fact.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the District Court of the United States for the. Northern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby, affirmed, with cósts, and damages at the rate of six per cent, per annum.