## Isaac D. Hazen v. Henry G. Reed.

*Mortgage foreclosures: Decree: Amount due: Res adjudicata.* A decree in a suit to foreclose a mortgage is held a bar to an action by one who had assumed the payment of the mortgage, and who was made a defendant to the foreclosure, to recover back of the complainant in such foreclosure suit, moneys claimed by the former to have been paid to the latter to be applied on said mortgage, and which were not so applied, and were not allowed as payments in the computation in the foreclosure suit of the amount due on the mortgage, or by the decree.

*Mortgage foreclosures: Notice of reference: Presumptions.* Where it does not appear in such action whether any of the defendants attended on the reference to compute the amount due in the foreclosure suit, or whether they had notice, it will be presumed that notice was in fact given, where the subsequent proceedings imply that the reference had gone on regularly, and it does not appear that any question was ever made that such notice had been omitted, notwithstanding an application was made to open the decree and for a rehearing, on the ground of error in the computation.

*Mortgage foreclosures: Regularity of proceedings: Collateral attack.* Whether if it had appeared on the face of the chancery record that such notice was not given, the defect would be one liable to be urged in this case by such defendant to avert the operation of the decree against his right of action here: —*Quære?*

*Natural equities: Settled rules of law.* However manifest and strong the natural equities in the specific instance may be, it is not admissible to depart from the settled rule of law, in order to do what may be deemed substantial justice in the particular case.

*Foreclosure decree: Amount due: Payments: Res adjudicata.* The determination of the exact amount due on the mortgage, which involves the determination of the precise amount of any payments, is imperatively involved in a foreclosure suit; and a decree in such suit is a final adjudication on these questions.

*Heard July 25. Decided October 13.*

Error to Kent Circuit.

*Taggart, Simonds & Fletcher,* for plaintiff in error.

*Thompson & Reeves,* for defendant in error.

GRAVES, CH. J.

The defendant in error purchased a farm worth some five thousand dollars, on which there was a mortgage, made by one Parish and wife to the plaintiff in error, to secure eight hundred dollars, with interest, and the purchase was made subject to such mortgage.

On the 6th of December, 1870, Reed sent to Hazen by one Wesley Wheeler, one hundred and seventy-five dollars in money, to be paid on the mortgage, and Hazen received the money and sent back his receipt in these terms: "$75. Rec'd of H. G. Reed, by the hand of Wesley Wheeler, one hundred and seventy-five dollars, to apply on mortgage. Dated this 6th day of December, 1870. J. D. Hazen."

Hazen instituted proceedings in the court of chancery to foreclose the mortgage, and carried them to a final decree. He made the mortgagors, Parish and wife, and Reed, and one Peak, defendants, and the only reason alleged in the bill for joining the two latter was, that they had, or claimed, some right or interest as subsequent purchasers, incumbrancers, or otherwise.

All the defendants appeared, and hence entitled themselves to notice of the subsequent proceedings. A copy of the bill was served, but the defendants failing to plead answer, or demur, the bill was taken as confessed in April, 1872, and a reference was made to take proofs, and ascertain and report the sum due. On that reference, Hazen was sworn as a witness, and he testified that he received only seventy-five dollars, and not one hundred and seventy-five dollars, to be applied on the mortgage. There was no receipt on the note or mortgage of any portion of the sum paid on the 6th of December. The record fails to show whether any of the defendants attended on the reference, and is equally silent as to whether they had notice or not. It is reasonable to suppose, however, that notice was in fact given, because it was the duty of complainant to give it, and it does not appear that any question was ever made that it had been omitted. Besides, the subsequent proceedings implied that the reference had gone on regularly.—*Stockton v. Bishop*, *4 How.*, *155; Townsend v. Jemison*, *7 How.*, *706*.

It must not be taken for granted, however, from these observations that if it had appeared on the face of the

chancery record that no notice was given, we should regard the defect as one liable to be urged by the defendant in this case to avert the operation of the decree against his claim. The case does not raise any such point, and we do not discuss it. We only say now, that, looking at the record, it is fair to infer that the defendants, including Reed, had an opportunity to attend the reference.

On the 4th of May, 1872, a final decree of foreclosure and sale was made, and on the 2d of January, 1873,. Reed filed his petition in that cause to have the decree opened, and for a rehearing. This application came on to be heard in the succeeding March, and affidavits on each side were read. The court denied the motion, and allowed the decree to stand as made. Reed finally, in the language of the record, "paid the amount due on the mortgage." Subsequently he sued Hazen before a justice to recover the one hundred dollars, which he alleged had not been applied. The justice sustained the right of action, and gave judgment accordingly. Hazen appealed, and the cause was tried in the circuit before a jury. He insisted in that court that the decree in chancery was a valid bar, but the defense was overruled, and Reed again prevailed. Hazen then sued out this writ of error.

The apparent strong ground of moral right in favor of the defendant in error is certainly well adapted to induce the judicial mind to look earnestly for some principle or distinction adequate to uphold the recovery below.

Still, however manifest and strong the natural equities in the specific instance may be, the court may not depart from the settled rule of law in order to do what may be deemed substantial justice in the particular case.

The counsel for the defendant in error reasoned quite ingeniously to show that the decree was not in substance an adjudication upon the right set up by Reed in this suit. But after careful reflection, and setting aside fallacious appearances, there seems to be no real ground for holding against the conclusive effect of that proceeding. If every

question which is rightly subjected to judicial cognizance, may, by either of the parties to the proceeding and judgment, be again brought into legal controversy, in one form or another, as though it had not been settled, it must follow inevitably that no limit whatever can be assigned to legal contention, and that every thing possibly disputable at any time must remain open to conflict and uncertainty forever. The most ordinary mind will not fail to see that no society could long exist under such a rule.

The principle that a matter once fully adjudicated is conclusively adjudicated, as against parties and privies, was stated and applied in *Wales v. Lyon, 2 Mich., 276.*

It was there said " that the judgment of a court of competent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive between the same parties or their privies upon the same matter directly in question in another court, and that no matter once litigated and determined by proper authority shall a second time be brought into controversy between the same parties or their privies."

In the present case Hazen as complainant set up the mortgage debt as a claim, and the determination of the amount of that claim was imperatively involved in the suit. He charged that he had a pecuniary lien on the farm which Reed had purchased, and he sought a legal liquidation of the amount of that lien, and a final adjudication on the extent of his right and for its enforcement as it should be judicially established. His proceeding was precisely adapted to obtain a conclusive legal determination as to the validity of his claim and lien, and the true amount of it, if ascertained to be valid. He could get no final decree in his favor without a determination of the exact amount.

Reed was a defendant, and in a situation, if he chose to avail himself of his right, to take a personal and active part in the proceeding under the order of reference to settle the amount remaining on the mortgage. His position in the case not only enabled him to speak, but called upon him to speak if he had interests which might be prejudiced by

his silence. He was not compellable to defend, not subject to be coerced to guard his own interest by an active contest upon the reference. But he could not disregard legitimate opportunity, and still be entitled to claim as though he had been denied such opportunity. He elected to abstain from interference on the reference, and at last allowed a decree to be made on the basis of such information as Hazen provided. He now, in effect, complains that the decree was too large. It was for the very amount ascertained on the reference, and the inquisition appears to have been a proceeding binding upon him. Upon the theory of his case, the whole one hundred and seventy-five dollars was, by its payment and receipt, *definitely appropriated to the mortgage debt*; and hence there is no ground for insisting upon a right of action upon the use Hazen made of the one hundred dollars, as something separate and distinct from the mortgage,—something not within the range or scope of an inquisition to ascertain the true amount back on the mortgage.

The decided cases, so far as seen, which fairly bear upon the question, are all against the plaintiff below. Several are cited in the brief for plaintiff in error. The case of *Egleston v. Knickerbacker, 6 Barb., 458*, is a very strong one.—See also *Adams v. Barnes, 17 Mass., 365 ;* and *Cow. and H. Notes, Vol. 2, p. 915, note 639 ; Job v. Collier, 11 Ohio (Stanton), 422.*

The only regular course for the defendant in error, if dissatisfied with the amount as reported due on the mortgage, was to intervene in that cause. The ground of this action was wholly bound up with the matter in controversy there ; and it was, theoretically, and in contemplation of law, impossible to make a final decree for the complainant in that case without involving the cause of action set up here.

The judgment must be reversed, with the costs of both courts, and a new trial ordered.

The other Justices concurred.