Bond v. Hills & Fay.

Where parties proceed to trial without a replication to a special plea in bar, and the matter of the replication is available under the general issue, the informality is presumed to have been waived by mutual assent, and the trial to have gone on the merits.

The defendants in error were plaintiffs below, as indorsers of a promissory note. The note was drawn by Bond, the plaintiff in error, payable to Stow, Ellis & Co., by whom it was indorsed. The action was assumpsit, brought by Hills & Fay, to the Circuit Court of Mobile county. The defendant below pleaded, 1st. the general issue; 2d. what purported to be a special plea, viz: "that he had been garnisheed at the instance of Messrs McLoskey & Hagan, who had brought an attachment against the said Stow, Ellis & Co. before the indorsing of said note declared on, and before the bringing of his suit; wherefore, they prayed judgment, &c." To this plea there was no replication filed. The record next states, that the parties came by their attorneys, and proceeded to a trial before the jury, who returned a verdict for the plaintiff, on which the Court rendered judgment accordingly. It is assigned for error, that the Court below did not dispose of the second plea, or pass any judgment on the facts therein alleged.

Acre, for the plaintiff in error. The Court below did not dispose of the second plea. The principle of the statute of sets-off, applies here. When the plaintiffs below had executed their writ of garnishment, it created a lien on the note, in case they established the indebtedness of the garnishee. There is no adjudicated case in point, but the principle urged is plain.

JANUARY 1831    HALL, for defendant in error. The suit was brought as
on an ordinary bond, and there were two pleas filed. The
Bond           case was fully tried, and submitted to the jury upon both
v.             pleas, and a verdict on them returned. The question as
Hills & Fay.   to the merits of the second plea, is not raised here; the
only question is, if there be error for want of replication.
Pleadings are not always formal, and though there is no
replication on file, the parties, it must be presumed, went
to trial upon the facts set forth in the declaration and plea.
The want of a *similiter* is no error, and if the absence of
a formal replication is, it is cured by verdict.

The matter of the second plea is good under the general
issue; it was matter of discharge, and did in fact go to the
jury. So the plaintiff in error has lost nothing, while it
would work the defendants in error great injustice, to send
them back to another trial. But the plea itself was bad,
in that it justified for not paying the debt without con-
fessing the facts of the declaration, and therefore might
a Chit. P. 474.  well be given under the general issue.[a]  It being a plea
of special matter, certainty is required; it is not sufficient
b 2 John. R.     to say he has been garnisheed; the record of garnishment
433. Chit. Pl. must fully set forth that fact, to enable the Court to judge.[b]

ACRE, in reply. The objections to the sufficiency of
the plea, are not good. The facts alleged in it, arose after
the suit was brought, and are material to be known. It
is a plea in avoidance, and not strictly in bar, and was in-
tended to protect Bond from paying the same debt twice.
The matter of it given under the general issue, would have
taken the plaintiffs by surprise, while it is calculated to do
justice to all parties specially pleaded. The fact alleged
in it was not denied by the other party; it was their duty
to do so; and therefore it must be taken as true. The
lien of the attachment creditor was good, and should have
been enforced; as it is, the plaintiff in error may be com-
pelled to pay the debt a second time.

By JUDGE SAFFOLD. It is a necessary inquiry,
whether the irregularity of the issue, had a tendency to
prejudice the defendant, or preclude a full investigation
of the merits. It may be safely inferred, as nothing is
shewn to the contrary, that the parties went to trial with-
out any objection on the part of the defendant below, for
the want of replication. If his second plea was a valid
one in bar of the action, he would have been entitled to a

judgment of *non pros*, for want of a replication, had he chosen to move for it. In as much as he claimed no advantage pending the trial, for want of formal issues, and for the reason that the matter of defence set up by the special plea, was no less available under the general issue,[a] the only rational presumption is, that the merits have been fully investigated and determined; and that by mutual assent, implied at least the observance of greater formality was waived. That the omission of a *similiter* to the plea of non-assumpsit, is supplied by legal intendment, has been so well established, that it has ceased to be a matter of contest.

The principle involved in this case, may be assimilated to that recognised by this Court, in reference to pleas in abatement, or demurrers, where the record shews no regular disposition of them, that a trial has been had on a general issue, embracing the true merits of the controversy. In such cases, the rules of decision are, that the imperfect issues are presumed to have been waived by the parties, or treated as nullities.

Judgment affirmed.

LIPSCOMB, not sitting.