## SULLIVAN et al. v. FINN.

Where part of a debt was paid under the announcement that it should be received in full satisfaction, and where the creditor silently acquiesced in the proposition, by taking the money ; held, that in the absence of consideration, such implied promise to take part in payment of the whole debt, was not a legal satisfaction.

In an action by a landlord to recover a balance on rents, the tenant cannot object to instructions given by the court in support of the landlord's right to the premises.

Where an irrelevant instruction was given, which could not prejudice appellant, the judgment will not be reversed.

After a trial upon the merits, without objection to the pleadings, the judgment will not be reversed, because a replication was not filed. It will be presumed that the replication was waived.

### Appeal from Dubuque District Court.

*Opinion by* GREENE, J. This suit was commenced by Margaret Finn, administratrix of the estate of Patrick Finn, before a justice of the peace, to recover an amount of mineral rent from Dennis Sullivan and Daniel Crowley. Plaintiff recovered a judgment for the amount claimed, and defendants appealed to the district court. The cause was again tried by a jury. Verdict and judgment for plaintiff. A motion was made for a new trial and overruled.

To the proceedings below, we find a long list of errors assigned. The most material of them may be included under three propositions.

1. If a debtor pays to a creditor a less amount than is due under an averment, that it must be in full satisfaction, does it amount to such satisfaction where the creditor remained silent or acquiesced, and subsequently refused to acknowledge it as such ? The court refused to instruct the jury in the affirmative, but did instruct them, that, " If from the evidence, the jury believe that there has been a satisfaction made by the defendants in this case, they must find for the defendants."

Sullivan *v.* Finn.

The instructions asked by defendants below, and which were refused, assume that the announcement of a debtor, that he was paying a less amount in full payment of the whole, would amount to a legal satisfaction, when the creditor at the time silently acquiesced. These instructions were correctly refused, for such is not the law. The payment of a part, is not a full payment, even if the creditor, without consideration, verbally agreed to receive such part payment in satisfaction of the whole amount. There must be some consideration for the promise to receive a less sum in satisfaction of a greater, in order to make such promise binding.

It was held in *White* v. *Jordan*, 27 Maine, 370, that a payment made in money of a part of a debt, does not operate to extinguish the whole debt, although it be received as a payment in full, unless there is some consideration for the relinquishment of the portion not due. So in *Eve* v. *Mosely*, 2 Strobh., 203, a partial payment of a debt, liquidated and payable, which is acknowledged to be in payment of the whole amount, is not a legal satisfaction of the whole amount; see also *Brook* v. *White*, 2 Mat., 283; *Fellows* v. *Hill*, 24 Wend., 294; *Bailey* v. *Day*, 26 Maine, 88.

In this case, the instructions asked by the defendants below, do not assume that the plaintiff even promised to receive the partial payment in full satisfaction. The first merely claims that if she left " the impression on him—the agent of the defendant's—that she took it in satisfaction of her demand to that date, she cannot revoke what she has done and defeat the satisfaction without returning the money thus received." The second proposes, " that if she received the money having been first told that she received it in full satisfaction to date ; then it is a satisfaction and a refusal to acknowledge it, afterwards cannot defeat it." It is not pretended that their was anything more than an implied promise to recover a portion in satisfaction of the whole demand ; nor is it pretended that the demand was not due, or that it was not liquidated, or that

it was of a doubtful character, or that there was any other consideration for her to take the less in satisfaction of the greater sum.

We conclude then, that the court was not only justified in refusing these instructions, but that it would have been gross error if they had been given. The substitute given by the court, was quite as favorable for the defendants, as the doctrine of satisfaction would justify.

2. It is objected that the court erred in giving the following instruction : " That if an administratrix expends money in good faith to improve property belonging to the estate of the deceased, that her acts will be protected by the court, and the benefit will pass to the estate even though the expenditure was not strictly proper for an administratrix to enter into."

We cannot understand how this instruction could in any way effect the rights of the defendants ; nor can we see that it was in any way applicable to the issue submitted to the jury. The defendants were lessees of the plaintiff, and held under her as tenants. She sued them for the rent mineral, which they had sold and converted into money. There is no question raised by the pleadings, or evidence in the case, that could render such an instruction necessary or appropriate. Whether the administratrix expended the money of the estate properly or improperly, could not in any way affect the liability of tenants to pay their rents. That question might be material to the heirs or creditors, but it could not affect or impair the liability of the tenants or debtors of the estate. These defendants held under the plaintiff, and had paid rent as her tenants, and were therefore estopped from denying her rights, and cannot object to any instruction given in support of those rights.

So far as the defendants were concerned, it matters not whether the instruction was given or refused. It could not have any influence with the jury upon the questions submitted to them. As they could not be prejudiced by this

irrelevant instruction, the judgment will not be reversed because it was given.

3. It is claimed that the defendants were entitled to a judgment under the pleadings. This objection was not raised in the court below, and consequently should not be entertained here. As the defendants referred the entire issue to the jury, and as the merits of the case have been determined without objection to the pleadings, it is too late now to raise that objection. The only ground for this objection is that plaintiff did not file a replication to defendant's answer, in which he averred payment. If the answer was such as called for a replication to deny new matter, averred by way of avoidance, after a trial upon the merits, without objection to the state of the pleadings, it will be presumed that defendant waived the replication. It has often been decided by courts, that after a trial upon the merits, a judgment will not be reversed because there was no replication to defendant's plea; *Glen* v. *Copeland*, 2 Watts and Serg., 261.; *Bond* v. *Hills*, 3 Stewart, 283.

The other objections urged to the instructions and proceedings below, are so obviously without foundation, that we do not consider them worthy of notice.

Judgment affirmed.

*Samuels* and *Vandever*, for appellants.

*L. Clark* and *Smith*, *McKinlay* and *Poor*, for appellee.