## DALE *against* DEAN and another.

In an action of debt on bond, conditioned for the performance, by the defendant, of a certain award, setting forth the condition, and stating, that the award directed, that the defendant should pay the outstanding debts of the firm of *D & D*, should indemnify the plaintiff against the outstanding debts of the firm of *D & R*, and should pay to the plaintiff a certain sum of money, the breach alleged was, that the defendant, though often requested, had not paid said debts of *D & D*, nor indemnified the plaintiff against said debts of *D & R.*, nor paid to the plaintiff said sum of money. After a verdict for the plaintiff on certain special issues, relating to the validity of the award, on a motion by the defendant in arrest of judgment, it was holden, 1. that there could not be a breach of this bond, without a non-performance of the award, considered in regard to its legal effect; 2. that as the declaration specifies no time when the acts mentioned in the award were to be performed, no breach of duty, by the defendant, in relation to those acts, was shewn, and consequently, no cause of action thereby accrued to the plaintiff; 3. that as the declaration did not state, that any, or if any, what debts were due from said firms, nor that the plaintiff had been damnified on account of the debts of *D & R*, there was not that certainty, which is requisite in the assignment of breaches; 4. that these defects were not cured by verdict.

In assigning a breach of the condition of a bond, it is not sufficient to negative performance in the words of the condition, unless this necessarily amounts to a breach of such condition.

A defect in any pleading, whether of substance or form, which would have been fatal on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated or omitted, and with-

*Tolland,*
August, 1844.

Dale
*v.*
Dean.

out which it is not to be presumed, that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect is cured by the verdict.

But a defect in some collateral parts of the pleadings, that were not in issue between the parties, so that there is no room to presume that such defect was supplied by proof, is not aided by verdict.

THIS was an action of debt on a bond for the penal sum of 1000 dollars, executed by the defendants, conditioned for the fulfilment, by *John Dean,* one of the defendants, of an award to be made by certain arbitrators, to whom he and the plaintiff had submitted all differences between them. The condition of the bond and the breaches, and the award, as inducement to the statement of those breaches, are set forth in the declaration. It alleges, that the award directs, that said *John Dean* should pay all the outstanding debts of the firm of *Dean & Dale,* without calling on the plaintiff for any part thereof; and should indemnify the plaintiff against all the outstanding debts due from the late firm of *Dean & Rockwell,* (in which the plaintiff and *John Dean* were interested as partners;) and that he should also pay to the plaintiff the sum of 737 dollars, 60 cents, being the balance found due by the arbitrators on the final settlement of their business, and should also pay him the further sum of 53 dollars, 75 cents, the costs of the arbitration paid by the plaintiff. The declaration then alleges, that said *John Dean* has not paid the outstanding debts of *Dean & Dale;* and has not indemnified the plaintiff against the outstanding debts of the late firm of *Dean & Rockwell;* and has not paid to the plaintiff said sum of 737 dollars, 60 cents, nor said further sum of 53 dollars, 75 cents; but has ever neglected and refused so to do, although he has been often requested so to do, and particularly, on the 4th day of *February* 1843; and thus said *John Dean* has not fulfilled the award which was made under said submission. The declaration concludes thus: " Whereby a right of action has accrued to the plaintiff to recover of the defendants the sum of money in said writing obligatory specified, *viz.* the sum of 1000 dollars; yet the defendants have not, though often requested so to do, as yet paid said sum of 1000 dollars, or any part thereof, to the plaintiff, but have hitherto wholly neglected and refused, and still neglect and refuse, so to do, although often requested so to do, particularly on the

4th of *February* 1843, and although a reasonable time has already elapsed; to the damage of the plaintiff," &c.

The defendants pleaded two or three special pleas in bar relating to the validity of the award; which were traversed by the plaintiff, and issues were joined thereon. The jury found these issues in the plaintiff's favour. The defendants thereupon moved in arrest of judgment for the insufficiency of the declaration. The questions of law arising on such motion were reserved for the consideration and advice of this court.

*Toucey* and *Chapman,* in support of the motion, contended,

1. That the declaration was insufficient, because it does not allege that the award was of the matters submitted, and thus that it was authorized.

2. That if the award is binding, the declaration does not shew any breach of duty in relation thereto, on the part of the defendants. In the first place, it does not appear, that the time has arrived, when the acts which the award directs to be done by *John Dean,* were to be done. He is to pay the debts due from the firm of *Dean & Dale,* and is also to pay the plaintiff certain sums of money; but *when* is he to make these payments? He is also to indemnify the plaintiff from the debts due from the late firm of *Dean & Rockwell;* but *when* is he to do this? For aught that the declaration shews to the contrary, he has time enough yet to do these things. If the award specified no time of performance, and the law requires them to be done in a reasonable time, the plaintiff should have stated that they were to be so done, and that a reasonable time had elapsed. *Bacon* v. *Page,* 1 *Conn. R.* 404. *Canfield* v. *Merrick,* 11 *Conn. R.* 425. *Newell* v. *Roberts,* 13 *Conn. R.* 417. *Betts* v. *Hoyt, Id.* 469. Secondly, it is not alleged, that there were any debts due from the firm of *Dean & Dale,* or from that of *Dean & Rockwell;* nor if any, of what amount; or to whom payable. Thirdly, it is not shewn, that the plaintiff has sustained any loss or damage, by reason of the non-payment of any debt due from either of the firms specified; nor if so, of what amount, or in what way.

3. That the defect is not cured by verdict. In the first place, where the declaration sets forth no cause of action, a

*Tolland,*
August, 1844.

Dale
*v.*
Dean.

general verdict upon the whole declaration, will not cure the defect. The court cannot infer a cause of action where none is alleged. *Rushton* v. *Aspinall, Doug.* 679. *Gould's Pl.* 497. *Spieres* v. *Parker*, 1 *Term R.* 141. *Gaylord* v. *Payne*, 4 *Conn. R.* 190. *Smith* v. *Loomis*, 7 *Conn. R.* 111. *Russell* v. *Slade*, 12 *Conn. R.* 455. 463. *Griffin* v. *Pratt*, 3 *Conn. R.* 513. 1 *Wms. Saund.* 128. n. 1. But secondly, the verdict here is upon a special issue, and the defect is in a collateral part of the pleadings not in issue between the parties, so that there is no room for presuming, that the defect was supplied by proof. 1 *Wms. Saund.* 128. n. 1.

*T. C. Perkins*, contra, contended, 1. That the declaration was sufficient. The action is debt on bond. The cause of action is the breach of the bond. This is the plaintiff's title; and it is correctly and legally set forth. A breach of the bond is explicitly alleged, after request, and after the lapse of a reasonable time.

It was not necessary for the plaintiff to take any notice of the condition, in his declaration; but it was proper for him to set it out, if he chose; and he has done so, and alleged a breach. The condition requires the compliance, by *John Dean*, with a certain award. The declaration alleges, that *John Dean* has not complied with this award. The particular requirements of the award are set out. The non-compliance of *Dean* with each of these requirements, is then alleged. The breach throughout is as broad as the duty.

2. That if the declaration is insufficient, the defect is cured by verdict. This is, at worst, the case of a good title defectively set forth. 1 *Chitt. Plead.* 403. *Ward* v. *Bartholomew*, 6 *Pick.* 410. 413. *Hendrick* v. *Seeley*, 6 *Conn. R.* 177. *Dobson* v. *Campbell*, 1 *Sumn.* 319. In most of the cases cited by the counsel for the defendants, *no cause of action* was alleged: it is otherwise here.

STORRS, J. The defendants object to the breach, on the ground that it does not show at what time the award directed the said acts to be done by the said *John;* nor what debts were due from either of said firms; nor that there were any such debts; nor that the plaintiff has been damnified, by rea-

son of the non-payment thereof; nor how he has been so damnified.

With that strong disposition which courts ever feel to sustain, if possible, consistently with established principles of pleading, a declaration, at this late stage of the cause, we find ourselves unable to overcome this objection. There cannot be a breach of this bond, without a non-performance of the award. Therefore, in order to ascertain whether there has been a performance, it was necessary to set out the award according to its legal effect. As the terms of the award are not before us, we have not the power of determining what they are, or what would be its construction or legal effect, any further than it is described in the declaration; and in respect to the time of the performance of the acts to be done by the said *John*, the declaration is wholly silent as to what the award requires. We cannot therefore say, whether, by the terms or true construction of the award, the acts required by it were to be done on request, or in a reasonable time, or at some time expressly designated; each of which would import a different obligation. Whatever may be its terms or construction, it would undoubtedly support, as matter of evidence, an allegation that they were awarded to be performed at such time as would correspond to its legal effect; and it was incumbent on the pleader so to frame his allegations, that, in this particular, there should be such correspondence. But unless some time is alleged in the declaration when such acts were directed to be done by the award, no issue can be taken on that point; nor can the court determine whether the time has arrived for their performance; and consequently, whether there has been a breach of the condition of the bond. *Com. Dig. tit.* Pleader. C. 17. 1 *Chitt. Pl.* 1. As it is not stated, at what time the said *John* was bound to perform them, for aught that appears, that time has not yet arrived. Hence it does not appear by the declaration, as it unquestionably should, (since it is the duty of the plaintiff to make out a title affirmatively,) that any cause of action has accrued to the plaintiff. 6 *East's R.* 564. In an action of debt on a bond with condition, not only is the same degree of certainty necessary, whether the condition and breaches are set out in the declaration, or the breaches are set out in the replication on a plea of performance after oyer; but accord-

*Tolland,*
*August, 1844.*

Dale
*v.*
Dean.

ing to the doctrine which now prevails, the assignment of the breaches, in both cases, is governed by the same rules as those relating to breaches in actions of covenant and *assumpsit.* 1 *B. & P.* 641. n. 1 *Chitt. Pl.* 335. 366. 370. (8th *Am.* ed.) 1 *Crom. & M.* 89. If this were a declaration on an express contract, by the defendant, to do the acts required by this award, there is no doubt that the omission to state the time when they were to be done, would be a fatal defect. On this point the case of *Bacon* v. *Page*, 1 *Conn. R.* 404. is decisive. That was an action on a promissery note, which specified no time of payment. It was held, that the plaintiff should have declared upon it according to its legal effect, as being payable on demand, which not being done, the declaration was, for that cause, adjudged insufficient. The same principle applies equally to the performance of any other act than the payment of money. In this respect, therefore, the breach is defective.

Nor is that part of the breach which relates to the outstanding debts of the firms of *D. & D.*, and *D. & R.*, well laid, inasmuch as there is an omission to allege that there are any such debts, or that the plaintiff has been damnified on account of them. Without such allegation, there is a want of that certainty which the rules of pleading require ; and at most the existence of such debts is left in a state of ambiguity, in which case the construction should be most strong against the pleader. If such debts existed, the court should have been informed of it, so that it could see certainly, that the defendant had omitted the duty imposed on him by the award. Such allegation was also necessary, in order that the defendant might be apprized of the precise character of the claim made against him, and be able to meet it, by such answer or evidence as might be necessary. *Com. Dig. tit.* Pleader. C. 17.

Tested also by the rules which prevail in actions of covenant and *assumpsit,* the breach, in this respect, is insufficiently stated. On an examination of the precedents on express contracts, which impose on the defendant an obligation similar to that imposed by the award in this case, none has been found where the allegation required by the objection has been omitted. It would not indeed be easy from these precedents to determine with what precise degree of particularity it was

*Tolland,*
August, 1844.

Dale
*v.*
Dean.

necessary to describe the outstanding debts; but so far as the principles of pleading can be deduced from a long and uniform series of precedents, it is indispensable that the existence of such debts should, in some mode, be averred, with whatever degree of particularity it would be necessary to describe them. It is true, that the breach in this case negatives the performance, in the very words of the award; and generally, this mode of statement will answer. It is, however, not sufficient, unless it necessarily amounts to a breach of the condition or contract; which is not the case here. The case of *Julliand* v. *Burgott & al.* 11 *Johns. R.* 6. bears a strong resemblance to the present, in this respect. That was an action of debt on bond, with a condition that the defendant should secure certain lands in the peaceable and quiet possession of the plaintiff, his heirs and assigns, "free from legal incumbrances, either by deed or mortgage, or otherwise, now in existence, and binding on the premises," &c.; and it was expressly agreed, and understood, that the defendants were, "to see the lands free from all incumbrances as above-mentioned, by the 20th of *February* 1812," &c.; and the plaintiff, in his breach, negatived the very words of the condition. On demurrer, the declaration was held bad in substance, in not assigning a sufficient breach. The court say " *Non constat* that there was any existing incumbrance on the 20th of *February* 1812. The condition spoke hypothetically of legal incumbrances, either by deed, mortgage or otherwise, then in existence. It did not refer to any particular incumbrance, nor was any alluded to in the recital to the condition. By the generality of the terms, and by the words *or otherwise*, it is most apparent that the bond was taken for greater caution, and to guard against any such incumbrances which *might* then be in existence. It was, therefore, incumbent on the plaintiff to have shewn at least some existing incumbrance at the commencement of the suit, or on the 20th of *February*, the time referred to in the bond." *The People* v. *Russell*, 4 *Wend.* 570. 574. *Smith* v. *Jansen*, 8 *Johns. R.* 111. 114. *Hughes* v. *Smith*, 5 *Johns. R.* 168. 174.

The plaintiff however claims, that these defects in the declaration are cured by the verdict, on the ground that this is the case, not of the statement of a defective title, where some fact essential to constitute a cause of action is wholly

omitted, but only of a title defectively stated, where all such essential facts are alleged, but in a defective or imperfect manner. With respect to the omission to state the time prescribed for the performance of the acts required by the award, this plainly evinces a want of title; for the time of performance is not only a part, but an essential part, of the obligation resting on the defendant; and must be stated, in order that it may appear, not only that a cause of action exists, but what that cause of action is. *Clarke* v. *Gray,* 6 *East's R.* 564. *Andrews* v. *Whitehead,* 13 *East's R.* 102. 1 *Chitt. Pl.* 303. Such a defect is never cured by verdict. *Com. Dig. tit.* Pleader. C. 87. 1 *Chitt. Pl.* 681. If this were not a sufficient answer as to that part of the breach which relates to the debts due from the said firms of *D. & D.,* and *D. & R.,* and if that part is insufficient merely on the ground that it wants that degree of certainty which is requisite, and not because it shews a want of title; yet, notwithstanding it is alleged in connexion with the other averments constituting the breach, that the said *John Dean* has not fulfilled the award, that portion of the breach does not, as is further claimed by the plaintiff, fall within the principle of those cases where it has been held that a verdict aids even defective statements or omissions of substance, as well as form, on the ground that it is to be presumed that the judge would not direct a jury to give, and the jury could not have given, such a verdict, unless the facts so defectively stated or omitted, were proved on the trial. The principle of the rule in these cases, and the rule itself, is thus stated and explained with great precision, in *Jackson* v. *Pesked,* 1 *M. & S.* 234. " Where a matter is so essentially necessary to be proved, that, had it not been given in evidence, the jury could not have given *such a verdict,* there the want of stating that matter in express terms in a declaration, provided it contains terms sufficiently general to comprehend it in fair and reasonable intendment, will be cured by a verdict; and where a general allegation must, in fair construction, so far require to be restricted, that no judge and no jury could have properly treated it in an unrestrained sense, it may reasonably be presumed, after verdict, that it was so restrained at the trial." The doctrine is thus also clearly stated, by Mr. Serjeant *Williams,* 1 *Saunders' R.* 228. *a.* n. 1. " Where there is any defect, imperfection or

omission in any pleading, whether of substance or form, which could have been a fatal objection upon demurrer, yet *if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted,* and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission, is cured by the verdict." As implied in these remarks, and stated by Mr. *Chitty,* (1 *Pl. p.* 673.) in the class of cases referred to, such intendment must arise, not merely from the verdict, but from *the united effect of the verdict and the issue upon which such verdict was given :* and the thing which is presumed to have been proved, must always be such as *the allegations of the record require to be proved ;* and as can, therefore, be implied *from those allegations,* by fair and reasonable intendment. *Nerot* v. *Wallace,* 3 *T. R.* 25. As the verdict is supported on the ground, that it is presumed that the facts defectively stated or omitted were proved, because they were necessary to be proved in order to warrant such a verdict, no facts will be presumed to have been proved, excepting those which were involved in the issue on which such verdict was given ; and therefore, it has uniformly been held, that a defect, omission or imperfection in some *collateral* parts of the pleadings, *that were not in issue between the parties,* so that there was no room to presume that the defect or omission was supplied by proof, is not aided by the verdict : (1 *Wms. Saund.* 228. 228. *b.* n. 1.) As where an administrator brought debt on bond, and did not allege in the declaration *by whom administration was granted,* and the defendant pleaded *non est factum,* and there was a verdict for the plaintiff, the verdict was held not to cure this defect by the common law ; because it was not necessary that it should be proved on the trial by whom administration was granted, *the title of the administrator not being in question by the issue. Gidley* v. *Williams,* 1 *Salk.* 37. S. C. 1 *Ld. Raym.* 634. According to these principles, if the issue on the trial of this case before the jury had been on the fulfilment of this award by said *John Dean,* it might, after a verdict for the plaintiff, be presumed, that the existence of debts due from said firms of *D. & D.* and *D. & R.,* was proved on the trial, although not alleged, because such a verdict on that issue would seem

to involve necessarily the existence of such debts; and proof of them would therefore have been necessary in order to warrant it. But it will be perceived, by a reference to the pleadings in this case, that on the trial of the facts upon which the parties were at issue before the jury, and which involved only the validity of the award on grounds not at all connected with the existence of said debts, proof relating to those debts would have been not only unnecessary, but palpably irrelevant. Therefore, the verdict furnishes no presumption that they were proved on the trial, and consequently, does not aid the omission to state their existence.

For these reasons, the superior court should be advised to arrest the judgment.

In this opinion the other Judges concurred, except WAITE, J., who was not present.

Judgment arrested.