Henry Abrahams

v.

A. M. Jones.

1. Pleading—Breaches of bond regarded as separate counts.—Separate assignments of breaches in suit on bond are to be regarded as separate counts or declarations and are to be pleaded to as such.

2. Practice—Bad assignment of breaches, how taken advantage of.—If all such assignments of breaches are bad in substance, and none of them show a legal breach of any of the conditions of said bond, advantage of the defect may be taken by the defendant below, by general demurrer, motion in arrest of judgment, or on error.

3. Bond—Common law construction.—In construing a voluntary common law bond the intention of the statute becomes wholly immaterial, and the liability of the surety will not be extended by implication beyond the precise terms of his undertaking, which is to be strictly construed.

4. Practice—Cause imperfectly set out cured by verdict.—A verdict will aid a title or cause of action imperfectly set out, but not an imperfect title or cause of action.

5. Same.—Where there is no traverse of the matters alleged as constituting breaches of the bond, but the same are admitted by the pleadings, the plaintiff below can not be presumed to have introduced evidence supplying imperfections or omissions.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed July 16, 1886.

This was debt, by appellee against appellant, impleaded with Thomas J. Martin and William A. Graham, upon a bond in the penalty of seven thousand dollars, dated June 15, 1881, made to appellee as marshal of the Northern District of Illinois, by said Martin and Graham, Abrahams, the appellant, signing as surety. The declaration, after thus describing it, and averring that it was subject to a condition thereunder written, is as follows: "Whereby, after reciting that said Thomas J. Martin and William H. Graham had commenced, in the United States Circuit Court of said district, an action of replevin against Orrin L. Mann, sheriff of Cook

county, J. H. Burke, deputy sheriff, Henry C. Lawrence, Morris T. Martin, Alfred S. Trude, Michael J. Blessing, Charles L. Busch, Herman Meyer, H. L. Seixas, James A. Chambers, James A. McDavitt, the Empire Warehouse Company, the Central Warehouse Company, the National Bank of Illinois, the Traders Bank and the Globe Warehouse Company, defendants, for the taking and detaining of fifty barrels of Gray's rye whisky and ten barrels of blackberry brandy, it was provided, that if the said Thomas J. Martin and William H. Graham should personally be and appear before the said circuit court on the first day of the next term thereof, to be holden at the United States Court room, in the city of Chicago, on the fourth day of the July then next following, and should then and there prosecute said suit to effect, and without delay, and make return of said property to said defendants, if return thereof should be awarded by the said circuit court, and should save, keep harmless and indemnify the said plaintiff, so being such marshal as aforesaid, his heirs, executors and administrators, and also his deputies and all persons acting with, under or by the instructions of him, said plaintiff, or his deputies, all and each of them, of and from all actions, costs, suits, charges, damages and expenses whatever, including attorneys' fees which should or might thereafter happen, accrue, or come to them, or either of them, for, or by reason of the execution of the writ of replevin issued in said action of replevin therein mentioned, and for retaining possession of and selling any or all of the said property taken under said writ or other process thereafter to be issued in said action, or by reason of assisting in such execution or sale, then this said writing obligatory was to be void, otherwise to remain in full force and effect, as by said writing obligatory and the said condition thereof remaining filed in said court will appear." Then follows the assignment of breaches: "And although the said plaintiff, to wit, on the day first aforesaid, by virtue of the said writ, then replevied and made deliverance of the said goods and chattels to the said Thomas J. Martin and William H. Graham; and although afterward, to wit, at the December term of

Abrahams v. Jones.

said court, in the year 1883, it was considered and adjudged by the said court that said cause should be dismissed as to said Traders Bank and the said fifty barrels of whisky, and that the said fifty barrels of whisky mentioned in the writ of replevin, and said writing obligatory, should be returned to the said Traders Bank, and that the said Traders Bank should recover its costs in that behalf against the said Thomas J. Martin and William H. Graham, nevertheless, the said Thomas J. Martin and William H. Graham did not make a return of the said fifty barrels of whisky, or any part thereof, to said Traders Bank, but have hitherto refused and still do neglect and refuse so to do; whereby an action has accrued to the plaintiff to demand of the defendants said sum of seven thousand dollars above demanded.

And plaintiff further says, that by reason of the bringing of said replevin suit and taking of said goods and chattels therein mentioned, as aforesaid, the said Traders Bank was compelled to and did pay out divers large sums of money to wit, the sum of twenty-five hundred dollars, in and about defending said replevin suit and obtaining judgment for the return of its said goods and chattels. Yet the said defendants, though requested, have not paid to the plaintiff said sum of money above demanded, but refuse so to do, to the damage of plaintiff of five thousand dollars," etc.

Of the defendants, Abrahams, the surety, alone was served and filed pleas.

The pleas were *non est factum*, and a plea under the statute that the merits had not been determined in the trial of the replevin suit, and that the goods replevied were the property of Martin and Graham. There was a trial by jury of the issues raised by said pleas and replications thereto, and a verdict finding the issues for the plaintiff and assessing his damages at $4,528 against appellant; whereupon the latter moved in arrest of judgment, which motion was overruled and judgment passed for the amount of penalty in bond as debt and damages as aforesaid, from which this appeal is prosecuted. Error is assigned for denying that motion.

Messrs. MOSES, NEWMAN & REED, for appellant.

Messrs. FLOWER, REMY & GREGORY, for appellee.

McALLISTER, J.  This action is upon a penal bond for the performance of covenants.  The declaration sets out the bond and its conditions, and what purports to be two separate assignments of breaches, which are to be regarded as separate counts or declarations, and to be pleaded to as such.  Safford v. Miller, 59 Ill. 209.

By the settled rules of practice in this State if both such assignments of breaches are bad in substance, and neither of them shows a legal breach of any of the conditions of said bond, advantage of the defect might be taken by the defendant below by general demurrer, motion in arrest of judgment, or on error.

From our understanding of the record in this case, two material questions are properly presented for decision. First, was there any legal breach of any covenant embraced in the condition of said bond set forth and shown by either of said assignment of breaches.  Secondly, if both were defective, was such defect cured by the verdict.

In the outset, it should be stated, (and the statement does not admit of controversy,) that the condition of the bond herein is not framed in conformity with, but is substantially variant from the condition as prescribed by § 10 of our Replevin Act, and there is no United States statute prescribing any.  It is therefore to be regarded as a voluntary, common law bond; so that, in construing its covenants, the intention of the statute becomes wholly immaterial.  In such case the liability of the surety will not be extended by implication or construction beyond the precise terms of his undertaking, which is to be strictly construed.  Waters v. Simpson, 2 Gilm. 570; Sharp v. Bedell, 5 Gilm. 88; Ovington v. Smith, 78 Ill. 250; Miller v. Stewart, 9 Wheaton, 680; Lang v. Pike, 27 Ohio St. 498; Chase v. Ries, 10 Cal. 518.

The part of the condition of said bond on which the final assignment of breach is predicated, was that Martin and Graham (the plaintiffs in the replevin suit) should make return of said property *to said defendants* if return thereof should be awarded by the said circuit court.

The said replevin suit was by Martin and Graham against seventeen different defendants, charged with having jointly, wrongfully taken and detained the goods described in the writ. Among those defendants was the Traders Bank. Now the breach assigned was that said circuit court awarded a return of fifty barrels of whisky (which was a part of the goods replevied) to said Traders Bank, and that Martin and Graham had neglected and refused to make such return to said Traders Bank. There is no allegation that the court had awarded a return *to the defendants*, or that Martin and Graham had neglected, refused or failed to make return of the property *to the defendants*. There is nothing appearing on the face of the bond to show that the interests of the defendants in the replevin suit were several as respects the goods replevied, or any of them. Forina v. Tesson, 1 Black. 309; Bradburne v. Botfield, 14 Mees. & Welsb., 559. What is stated does not amount to a breach of the undertaking according to its terms, and, consequently, no cause of action was stated by that first assignment of breach.

The second assignment of breach is in effect that said Traders Bank had been compelled to and did pay out divers sums of money amounting, to wit, to twenty-five hundred dollars in and about defending said replevin suit and obtaining said judgment of return, which the defendants, though requested, had not paid to the plaintiff. There is no undertaking in the condition of the bond sued upon, that the obligors in that bond would pay to the plaintiff as United States marshal any money which the Traders Bank or any other defendant in the replevin suit should be compelled to expend in the defense of that suit. And there is no allegation in that assignment of breach or elsewhere in the declaration, that the plaintiff in this present suit, the said marshal, had been damnified or had been compelled to pay or become liable to pay said Traders Bank any sum by reason of having executed said writ of replevin. So that said second assignment of breach fails to show any breach of the condition of said bond or any cause of action.

The next question is whether the defects in the several counts above pointed out are cured by verdict.

Neither of the pleas, *non est factum* or the plea that the merits had not been tried and property in Martin and Graham, put in issue any of the matters assigned for breaches, but impliedly admitted them.

There seems to us to be two reasons why the verdict can not be held to have cured the defect in the declaration. The first arises from the general rule of practice. The general rule is, that a verdict will aid a title or cause of action imperfectly set out, but not an imperfect title or cause of action. Here is a case of an imperfect cause of action. The other reason is that there being no traverse of the matters alleged as constituting breaches, but the same being admitted by the pleadings, the plaintiff below can not be presumed to have introduced evidence supplying imperfections or omissions.

The case of King v. Sea, 6 Bradwell, 190, is directly in point, and cites the authorities applicable to the question. Dale v. Dean, 16 Conn. 579, is also in point, and presents an able and exhaustive discussion of the law.

We are of opinion that the court below erred in not sustaining the defendant's motion in arrest of judgment, for the insufficiency of the plaintiff's declaration.

For that error the judgment will be reversed, the cause remanded and a repleader awarded.

Judgment reversed.