### Edward Abend et al. v. Edward W. West.

1. INDEMNITY BONDS—*Construction of—Interest.*—Where a bond is one of indemnity only, covering whatever loss the obligees may sustain by reason of subscriptions to the capital stock of a corporation, and does not guarantee interest or profits, no recovery under it can be had for interest or profits on their money invested in such stock.

**Assumpsit,** for interest, etc. Error to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

#### STATEMENT OF FACTS.

On the 3d day of April, 1888, the Western Nail Company, of Belleville, Illinois, having become financially embarrassed, was confronted with the fact that unless relief was secured, the company would be compelled to suspend. Not only its credit was exhausted, but W. H. Powell, E. B. Powell and Conrad Reinecke, who owned virtually all the capital stock, had personally guaranteed a large portion

of the company's indebtedness and were unable to assist, further.

For the purpose of saving the company, if possible, and to protect themselves, these stockholders proposed to plaintiff in this suit the organization of a new company, which was to lease the plant and continue the manufacturing. The proposition made was that the stock of the new company should be $25,000, plaintiffs to subscribe for $20,000, and the above named shareholders of the old company to secure some one to subscribe the additional $5,000. This $5,000 was to be pledged to plaintiffs to secure them against any loss as such stockholders, and as additional security they were to be given an indemnity bond. From the earnings eight per cent was to be paid to the stockholders, the balance to be applied on the indebtedness of the old Western Nail Company.

This plan was followed. Plaintiffs subscribed and paid for $20,000 stock, one Penn subscribing for the remaining $5,000.

The Powells, Reinecke, West and Penn executed their bond, agreeing to pay to plaintiffs "whatever amount they may lose on their stock, but not to exceed $5,000, in case loss accrue to them by reason of their said subscriptions."

The plant of the Western Nail Company was leased and operated for a year. When the new company ceased to do business the effects were divided, the shareholders receiving the amounts paid in and eight per cent dividend, which dividend amounted to more than plaintiffs had to pay on the Smith judgment.

While the company was in operation, one Smith, an employe, was injured, and at the September term, 1889, *after the dissolution of the company as aforesaid*, recovered judgment against the company. Execution was issued and returned "no property found." A bill in chancery was filed, and the shareholders were ordered to pay the judgment, amounting to $2,748.50, which they did.

Penn, one of the obligors, on behalf of himself and Reinecke, paid unto plaintiffs one-half the amount thus paid by them.

Abend v. West.

Suit was then brought upon the indemnity agreement for the balance thus paid by plaintiffs as stockholders.

Defendants pleaded, beside the general issue, want of consideration and release. The latter plea was based on the fact that after the payment by plaintiffs of said judgment, and the payment as aforesaid by Penn and Reinecke, the plaintiffs made an agreement covenanting not to sue Penn and Reinecke for the balance, and to protect them against co-obligors, etc.

But when the pleadings were settled and the cause at issue, the principal question that remained was, whether plaintiffs under said indemnity agreement were entitled to interest or not. The trial court held to the contrary, its views being shown by the following propositions of law held for the defendants.

The bond or instrument on which this suit is brought is a bond or instrument of indemnity only, and covers whatever loss plaintiffs have sustained by reason of their subscriptions to the capital stock of the St. Clair Nail Company, but does not guarantee or warrant to plaintiffs interest or profits on their money invested in the stock of said company.

The bond or instrument on which this suit is brought is a bond or instrument for indemnity only, and if it has been proven by the evidence that plaintiffs, after the St. Clair Nail Company ceased to do business, received from the assets of that company the amount which each of the plaintiffs had paid on account of their several subscriptions to the capital stock of that company, and in addition thereto an amount in excess of the amount which the plaintiffs had paid on account of the judgment, interest thereon and costs of suit which Albert Smith recovered against said St. Clair Nail Company, then the plaintiffs can not recover.

KNISPEL & ROPIEQUET, and TURNER & HOLDER, attorneys for plaintiffs in error.

DILL & SCHAEFER, attorneys for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This case involves a construction of the language of the indemnifying bond, on which the suit is based. The defendants agreed to pay to plaintiffs "whatever amount they may lose on their stock, but not to exceed $5,000, in case loss accrue to them by reason of their said subscriptions."

The statement of facts shows the plaintiffs got back all they subscribed and paid for their stock and $1,600 in addition, as a dividend thereon, in excess of the amount they had to pay on account of the Smith judgment; this payment the plaintiffs allege was a loss which they sought to recover by suit on the indemnity bond. The court properly held the law to be that, under the facts, the plaintiffs could not recover on the bond—that they had sustained no loss "by reason of their said subscriptions." The agreement of indemnity did not assure to the plaintiffs interest or dividends on the stock subscribed by them, but simply protected them against loss "in case loss accrued to them by reason of their *said subscriptions.*" The word "loss" as here used clearly refers to the loss of principal or of money paid for the stock and not loss of dividends. This is made more evident by the concluding words of the bond, following those quoted in the statement of facts, viz.: "And we do further obligate ourselves to *indemnify* them and each of them from any loss they may sustain by reason of their said subscriptions, to the extent of five thousand dollars." The bond itself does not refer to dividends or profits or to any agreement under which plaintiffs were to receive dividends or profits. Had the scheme not proven profitable, these plaintiffs would hardly contend that, under this bond, they could recover eight per cent dividends. It was never contemplated that it should cover such a liability. All that plaintiffs asked, evidently, when, on account of public spirit and pride in the success of a local enterprise, they consented to take $20,000 worth of stock, was that they should get all the money back they paid out. They were not asking or expecting to be guaranteed profits. There would be no public spirit manifested by such a request. They simply

wanted to be assured they would suffer no loss of their principal. To this extent, and no further, were they secured by the bond in suit.

Such obligations are not to be extended by implication beyond the extent plainly expressed in the bond. Young v. Mason, 3 Gilm. 55; Abrahams v. Jones, 20 Ill. App. 83, and cases there cited.

The judgment is affirmed.